Filed 4/8/26  P. v. German CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087612 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF2202433) |
| ANTHONY WILLIAM GERMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, James S. Hawkins, Judge.  (Retired Judge of the Riverside Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Anthony William German guilty of, relevant here, the attempted premeditated murder of Salvador Duarte (Pen. Code, §§ 664/187, subd. (a); count 2) and found true the allegations that German personally

inflicted great bodily injury (§ 12022.7(a)) and used a deadly and dangerous weapon (a knife) in the commission of the offense (§ 12022(b)(1)). The court sentenced German to an indeterminate term of seven years to life plus a determinate term of four years with one year stayed for count 2.

On appeal, German challenges the sufficiency of evidence of premeditation and deliberation required for attempted premeditated murder. The record, however, contains substantial evidence of planning activity, motive, and a manner of killing according to a preconceived plan sufficient to support German's conviction of count 2.

German also argues the prosecutor engaged in misconduct by comparing premeditation and deliberation to a split-second decision to run a yellow traffic light. German forfeited this argument by failing to object below. At any rate, because the prosecutor did not misstate the law, we conclude no misconduct occurred. Alternatively, German contends defense counsel was deficient for failing to object to that analogy. We disagree. German fails to establish error or that there was a reasonable probability the outcome would have been different had counsel objected.

Accordingly, we affirm.

I.

German contends the jury's finding of premeditation and deliberation is not supported by substantial evidence. We conclude otherwise.

A.

German lived with Duarte in a house rented by Duarte and his wife. After an altercation between German and a neighbor, Duarte received multiple phone calls from his landlord. Duarte drove home, knocked on German's bedroom door, and told him to move out of the house that night. German became "agitated" and "aggressive," and argued briefly with Duarte.

2

Duarte went outside to call the police.  German then came outside and told Duarte he would "regret" it if he called the police.  German paced outside before returning to the house.

German came back outside with a concealed kitchen knife and asked Duarte twice if he was "sure what [Duarte] was doing."  When Duarte confirmed he was on the phone with the police, German lunged forward and stabbed Duarte, including once in the chest and once in the abdomen.  German stopped stabbing Duarte only when others intervened.

## B.

We review claims of insufficient evidence under the substantial evidence standard.  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)  We review the entire record in the light most favorable to the judgment for substantial evidence that would allow any reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  To be "substantial," the evidence must be "reasonable, credible, and of solid value."  (*Ibid.*)  Such evidence can include not only circumstantial evidence, but also all reasonable inferences that can be drawn from such evidence.  (*People v. Soriano* (2021) 65 Cal.App.5th 278, 286.)

The punishment for attempted murder is increased when the murder attempted was "willful, deliberate, and premeditated."  (§ 664(a); *People v. Lee* (2003) 31 Cal.4th 613, 623.)  Premeditation "encompasses the idea that a defendant thought about or considered the act beforehand."  (*People v. Pearson* (2013) 56 Cal.4th 393, 443.)  Deliberation refers to the careful weighing of considerations in forming a course of action.  (*Id.* at pp. 443-444.)  An attempted murder is thus "premeditated and deliberate if it occurred as the result of preexisting thought and reflection rather than unconsidered or rash impulse."  (*People v. Stitely* (2005) 35 Cal.4th 514, 543.)  However, "[t]he

3

true test is not the duration of time as much as it is the extent of the reflection. Thoughts may follow each other with great rapidity and cold, calculated judgment may be arrived at quickly." (*People v. Thomas* (1945) 25 Cal.2d 880, 900.)

In assessing the sufficiency of the evidence of premeditation and deliberation, a reviewing court typically analyzes three categories of evidence: (1) "'planning' activity" prior to the killing, showing the defendant engaged in acts intended to result in the death; (2) "'motive,'" inferred from the defendant and victim's prior relationship; and (3) "the nature of the killing," including whether the manner of killing was "so particular and exacting that the defendant must have intentionally killed according to a 'preconceived design.'" (*People v. Anderson* (1968) 70 Cal.2d 15, 26-27.) Evidence of premeditation and deliberation is likely sufficient if it includes (1) some "evidence of all three types," (2) "extremely strong evidence" of planning, or (3) evidence of motive with evidence of either planning or manner of killing. (*Id.* at p. 27.) These "guidelines are descriptive," are "neither normative nor exhaustive," and "need not [be] accord[ed] . . . any particular weight." (*People v. Halvorsen* (2007) 42 Cal.4th 379, 420.)

C.

Substantial evidence of all three *Anderson* factors—planning, motive, and a method of killing tending to show a preconceived plan—is present here.

First, while German argues the "prosecution presented no evidence" that he planned to stab Duarte, the jury could reasonably find otherwise. Planning activity does not have to be extensive to support a finding of premeditation; rather, planning can occur in a short period of time. (*People v. Brady* (2010) 50 Cal.4th 547, 563-564.) The prosecutor's theory, which the jury was free to accept, was that German only returned inside the house to

4

get a knife to kill. Retrieving a weapon before a killing suggests planning. (*People v. Perez* (1992) 2 Cal.4th 1117, 1126.) We do not reweigh the evidence or reverse the jury's verdict simply because a reasonable jury could have drawn different inferences from this evidence. (*People v. Williams* (2018) 23 Cal.App.5th 396, 408, 410.)

Second, although German argues the manner of the stabbing was not "cold and calculated" so as to support an inference of premeditation, we disagree. Concealing a weapon to effectuate a surprise attack and then stabbing Duarte twice in vital areas was a method tending to establish a preconceived design to kill. (*People v. Bolden* (2002) 29 Cal.4th 515, 561 [finding intent to kill when defendant plunged knife into "vital area of the body of an apparently unsuspecting and defenseless victim"].) Importantly, German stopped stabbing only when others intervened, supporting an inference he would have continued had he not been interrupted.

Third, while German argues no motive can be established because the stabbing was in response to an unplanned "brief series of altercations," we conclude otherwise. In response to being told to move out, German became agitated and aggressive and responded that Duarte had "no right to tell him what to do" because he paid rent. German also told Duarte he would "regret" calling the police. Immediately before the stabbing, German walked up to Duarte, discovered Duarte was on a call with the police, and then attacked him. Based on these facts, a jury could reasonably conclude German was motivated to kill Duarte because Duarte evicted him and called the police. A motive does not need to be longstanding. (*People v. Ocegueda* (2023) 92 Cal.App.5th 548, 562.)

Taken together, this evidence supports an inference that German thought about killing beforehand and weighed the considerations in forming

5

a course of action.  (*Pearson*, 56 Cal.4th at p. 443.)  We thus conclude sufficient evidence of premeditation and deliberation supports German's attempted murder conviction.

## II.

German contends the prosecutor engaged in misconduct during closing argument by equating the split-second decision to run a yellow traffic light with the amount of deliberation and premeditation necessary to find him guilty of attempted premeditated murder.  He alternatively argues his counsel's failure to object to this analogy was ineffective assistance of counsel.  We conclude German forfeited his misconduct claim and fails to establish ineffective assistant of counsel.

## A.

The trial court instructed the jury that if it found German guilty of attempted murder, it must decide whether the attempted murder was done willfully and with premeditation and deliberation.  Relevant here, the court explained that the "length of time that a person spends considering whether to kill does not alone determine whether the attempt to kill is deliberate and premeditated.  The amount of time required for deliberation and premeditation can vary from person to person and according to the circumstances. . . . [¶] [A] decision to kill made rashly, impulsively or without careful consideration of the choice and its consequence is not considered to be deliberate and premeditated.  But on the other hand, a cold calculation is a calculated decision to kill can be reached quickly. [¶] The test is the extent of reflection, not the length of time."

After the court instructed the jury, the prosecutor made his closing argument.  In explaining premeditation and deliberation, the prosecutor stated, "The length of time a person spends considering whether to kill does

6

not alone determine whether the killing is deliberate and premeditated. A cold, calculated decision to kill can be reached quickly. And the test is the extent of the reflection, not the length of time."

The prosecutor then gave an example of premeditation and deliberation: "Most of you probably drove here today. You've at least driven some time in your life, and you've come to a yellow light. And what happens when you see that yellow light? You all think internally and have this decision-making process where you determine 'Can I make it, or do I hit the br[]ak[e]s?' [¶] And just think about all of the manifestations that go on in your head in the split second. 'What car am I driving? Are my brakes good enough? What speed am I going? How many times have I stopped in this car before? Do I know the distance that I can stop? Have I been through this light before and know how long this remains yellow? Did I look up and it was already yellow, or did I see it turn yellow?' All of this happens in a split second and you make a decision."

Defense counsel neither objected nor responded to the analogy in his own closing argument. Instead, defense counsel focused on manslaughter.

### B.

The People assert German forfeited his claim of prosecutorial misconduct by failing to object on this ground below. We agree.

"As a general rule a defendant may not complain on appeal of prosecutorial misconduct unless in a timely fashion—and on the same ground—the defendant made an assignment of misconduct and requested that the jury be admonished." (*People v. Samayoa* (1997) 15 Cal.4th 795, 841.) German concedes his counsel did not object on misconduct grounds below or seek an admonition. As a result, the contention is forfeited.

7

We address German's misconduct argument, however, to resolve his ineffective assistance of counsel claim.

C.

German contends the prosecutor's yellow light analogy amounted to prosecutorial misconduct because the prosecutor "improperly trivialized" German's burden by "equating the required deliberation and premeditation with an insignificant decision[-]making process." We disagree.

Prosecutors are afforded wide flexibility during argument. (*People v. Hill* (1998) 17 Cal.4th 800, 819.) It is misconduct, however, if the prosecutor misstates the law. (*People v. Boyette* (2002) 29 Cal.4th 381, 435.) "To prevail on a claim of prosecutorial misconduct based on" such a theory, "the defendant must show a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner." (*People v. Woodruff* (2018) 5 Cal.5th 697, 765 [cleaned up].) This is a high bar, "since we do not lightly infer that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements." (*People v. Spencer* (2018) 5 Cal.5th 642, 684 [cleaned up].)

Here, the prosecutor did not misstate the law. The prosecutor described seven considerations a driver might reflect on in deciding whether to proceed through or stop at a yellow traffic light to illustrate the amount of time and consideration that may be sufficient for premeditation and deliberation. A deliberate and premeditated decision to kill turns on the thought process, not time. (*People v. San Nicolas* (2004) 34 Cal.4th 614, 658.) Prior to the prosecutor's remarks, the trial court instructed the jury that "a cold calculated decision to kill can be reached quickly. The test is the extent of reflection, not the length of time." (See CALCRIM No. 521.) Those instructions were consistent with the prosecutor's assertion that

8

premeditation and deliberation can be achieved quickly.  Given this consistency, we conclude it is not likely the jury misconstrued or misapplied the complained-of remarks.[1]

D.

German argues his trial counsel provided ineffective assistance because there was "no sound tactical reason" for not objecting to the prosecutor's yellow traffic light remarks.  We disagree.

To prevail on an ineffective assistance of counsel claim, a defendant must establish his counsel's performance fell below an objective standard of reasonableness and, but for counsel's error, a different result would have been reasonably probable.  (*Strickland v. Washington* (1984) 466 U.S. 668, 690, 694.)

Because the prosecutor's remarks did not constitute misconduct and were not otherwise improper, it was not ineffective assistance for German's counsel to withhold objection.  (*People v. Cudjo* (1993) 6 Cal.4th 585, 616.)  This absence of error alone merits rejection of German's ineffective assistance of counsel claim.  (*Strickland*, 466 U.S. at p. 697.)

But German's ineffective assistance claim also fails because he has not demonstrated prejudice.  Prejudice cannot be established by proposing that

---

[1]  Several courts have reached the same conclusion about the use of the yellow traffic light analogy in similar contexts.  (See *People v. Wang* (2020) 46 Cal.App.5th 1055; *People v. Henderson* (2020) 46 Cal.App.5th 533, 548-551; *People v. Azcona* (2020) 58 Cal.App.5th 504, 516-517; *People v. Son* (2020) 56 Cal.App.5th 689, 698-700; *People v. Avila* (2009) 46 Cal.4th 680, 715.)  The continued use of the yellow light analogy, however, is fraught with peril given its potential to trivialize, dilute, or lower the prosecution's burden of proving premeditation and deliberation.  (*Cf. Son*, 56 Cal.App.5th at p. 699 [seeing "no error in the yellow light example . . . in the way the prosecutor framed it"].)  The time may have arrived to use a different artful analogy.

"counsel's performance had some 'conceivable effect' on the outcome; rather, . . . [p]rejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778.)

Prior to the prosecutor's closing argument the court properly instructed the jury on premeditation and deliberation pursuant to CALCRIM No. 521. The prosecutor reiterated the relevant portions almost verbatim. The jury thus had the careful weighing concept firmly in mind before the prosecutor offered the challenged analogy. And the court instructed the jurors that if the attorneys' comments on the law conflicted with the trial court's instructions, they must follow the law as the court explained it to them. "'When argument runs counter to instructions given a jury, we will ordinarily conclude that the jury followed the latter and disregarded the former.'" (*People v. Centeno* (2014) 60 Cal.4th 659, 676.) We do so here.

On this record, we conclude German failed to establish ineffective assistance by trial counsel. (*Strickland*, 466 U.S. at p. 687.)

III.

We affirm.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.

10